UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOLLYWOOD DOOR COMPANY, INC. | CIVIL ACTION |
| VERSUS | NO: 15-5018 |
| NEWELL NORMAND, SHERIFF AND EX-OFFICIO TAX COLLECTOR FOR THE PARISH OF JEFFERSON and PARISH OF JEFFERSON | SECTION: R |

## ORDER AND REASONS

Defendants Jefferson Parish and Newell Normand, the sheriff and *ex officio* tax collector for Jefferson Parish, move to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. Because the Tax Injunction Act deprives this Court of jurisdiction over plaintiff's case, the Court grants the motion.

## I.   BACKGROUND

This case arises out of a tax dispute between plaintiff Hollywood Door Company, Inc., a Louisiana corporation, and Jefferson Parish. The dispute concerns the applicability of Louisiana's sales and use taxes to "contractor services" performed by plaintiff. Plaintiff's business involves purchasing doors and fireplaces out of state and selling or installing them in Southeast

Louisiana.[1] Although plaintiff sells some products "over the counter" from its facility in Jefferson Parish, it installs 95% of the products in its inventory as a licensed contractor.[2] Plaintiff argues that because doors and fireplaces that are installed in immovable property become part of the immovable property, it need only pay use tax on goods that it installs, instead of the higher sales tax.[3] Plaintiff claims that it successfully litigated this position in a lawsuit against Jefferson Parish and other defendants in 1985.[4] From that date until 2010, plaintiff paid Jefferson Parish use tax on the doors and fireplaces that it installed as a contractor within the parish.[5] According to plaintiff, Jefferson Parish acquiesced in this arrangement for nearly 25 years.[6]

In 2010, however, Jefferson Parish issued a notice of delinquency assessing plaintiff for $65,679.32 of sales taxes allegedly owed.[7] Plaintiff paid the assessment under Louisiana's payment-under-protest statute.[8] It then

---

[1] R. Doc. 1 at 1.

[2] *Id.*

[3] *Id.* at 1-2.

[4] *Id.* at 2.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

filed suit in the 24th Judicial District Court for Jefferson Parish to recover the disputed payment.[9] Although some of plaintiff's allegations are difficult to follow,[10] it appears that plaintiff named as defendants not just Jefferson Parish, but several other parishes and municipalities as well. The state-court judge apparently dismissed plaintiff's claims against the additional entities, leaving Jefferson Parish as the only defendant in the case.[11]

While its state-court suit remained pending, plaintiff filed this lawsuit in federal court, alleging Due Process, Equal Protection, and Commerce Clause violations by Jefferson Parish and Sheriff Normand.[12] Plaintiff seeks a declaratory judgment "that [it] is liable to Jefferson Parish and its Sheriff only for sales or use taxes on doors and fireplaces installed in Jefferson Parish or sold over the counter in Jefferson Parish for installation by third parties."[13] It also seeks an injunction preventing defendants from alienating the taxes that plaintiff paid under protest, as well as damages in the amount of the disputed

---

[9] *Id.*

[10] Throughout its complaint, Hollywood Door repeatedly references (often, with little explanation or elaboration) exhibits that are not attached to the pleadings and do not appear anywhere else in the record.

[11] *Id.* at 5.

[12] *Id.* at 3, 8.

[13] *Id.* at 10.

3

tax payment.[14]  Defendants moved the Court to dismiss for lack of subject matter jurisdiction and failure to state a claim.[15]  According to defendants, the Tax Injunction Act and principles of comity preclude this Court from exercising jurisdiction over plaintiff's lawsuit.

## II.  DISCUSSION

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  As the Fifth Circuit holds, "Section 1341 reflects 'the fundamental principle of comity between federal courts and state governments that is essential to Our Federalism, particularly in the area of state taxation.'"  *Washington v. New Orleans City*, 424 F. App'x 307, 309-10 (5th Cir. 2011) (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981)).  Federal courts interpret Section 1341's text to advance its purpose of "confin[ing] federal-court intervention in state government."  *ANR Pipeline Co. v. Louisiana Tax Comm'n*, 646 F.3d 940, 946

---

[14] *Id.*

[15] R. Doc. 10.

(5th Cir. 2011) (quoting *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 826–27 (1997)).

Here, plaintiff seeks an injunction preventing Jefferson Parish from alienating certain tax revenues, a refund of taxes that plaintiff paid under protest, and a declaratory judgment adopting plaintiff's interpretation of Louisiana law.  Plaintiff argues that these remedies will not interfere with Louisiana's tax collection efforts because plaintiff has already paid all disputed taxes to Jefferson Parish under protest.  This argument ignores the breadth of the Tax Injunction Act.  As the Fifth Circuit holds, "Section 1341 is not a narrow statute aimed only at injunctive interference with tax collection, but is rather a broad restriction on federal jurisdiction in suits that impede state tax administration . . . . "  *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979).  Ordering Jefferson Parish to hold tens of thousands of dollars in escrow and to refund taxes paid by plaintiff would disrupt Louisiana's system of tax administration and undermine the integrity of the state's treasury.  *See Washington*, 424 F. App'x at 311 (noting that "a suit for a refund can be as disruptive of state tax administration as a suit for declaratory or injunctive relief"); *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1130 (5th Cir. 1980) (noting "the imperative need of a State to administer its own fiscal operations").  A declaratory judgment in plaintiff's favor would be

5

equally disruptive. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 422 n. 2 (2010) (noting that the use of federal declaratory relief to test state tax assessments can frustrate tax administration and permit taxpayers to escape procedural requirements imposed by state law). The Tax Injunction Act mandates that "such judicial threats should come only from state courts." *Sunnuck*, 629 F.2d at 1133. Thus, the Court may not exercise jurisdiction unless Louisiana fails to provide a "plain, speedy, and efficient remedy" for plaintiff's claims. 28 U.S.C. § 1341.

"State courts are equipped to furnish a plain, speedy, and efficient remedy if they provide a procedural vehicle that affords taxpayers the opportunity to raise their federal constitutional claims." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1012 (5th Cir. 1998). A state's remedy is therefore adequate when it provides taxpayers with a complete judicial determination, with ultimate review available in the United States Supreme Court. *Smith v. Travis Cnty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992) (quoting *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 514 (1981)). Importantly, "the state remedy need not be the best of all remedies. [I]t need only be adequate." *Home Builders*, 143 F.3d at 1012 (quoting *Alnoa G. Corp. v. City of Houston, Tex.*, 563 F.2d 769, 772 (5th Cir. 1977)).

Here, Louisiana provides a procedural vehicle for raising constitutional challenges to state taxation schemes: payment under Louisiana's payment-under-protest statute and a refund suit in state court. As the Fifth Circuit has repeatedly held, these procedures provide an adequate means of asserting constitutional claims in Louisiana courts. *See Washington*, 424 F. App'x at 310; *ANR Pipeline*, 646 F.3d at 947; *MRT Expl. Co. v. McNamara*, 731 F.2d 260, 263 n. 5 (5th Cir. 1984) ("[T]he Louisiana refund procedure provides taxpayers with a plain, speedy, and efficient remedy in the Louisiana courts."). Indeed, plaintiff has exercised these remedies by paying the disputed sales tax assessment under protest and filing suit against Jefferson Parish in state court. As of the time plaintiff filed this lawsuit, its state-court case remained pending in the 24th Judicial District Court for Jefferson Parish. "That [plaintiff] has taken advantage of Louisiana's system for challenging unconstitutional taxation is enough to defeat subject-matter jurisdiction . . . ." *ANR Pipeline*, 646 F.3d at 947.

To resist this conclusion, plaintiff argues that its state-court lawsuit against Jefferson Parish is an inadequate remedy because plaintiff has been unable to consolidate its tax claims against other parishes and municipalities in that proceeding. Plaintiff contends that without a federal lawsuit, it will be forced to litigate its claims against other parishes and municipalities in

multiple state-court proceedings--an arrangement that plaintiff argues is not "commercially reasonable." As an initial matter, plaintiff's pleadings drain some force from its argument. Although plaintiff argues that it cannot receive an adequate remedy unless all of the parishes and municipalities in which it does business can be joined in a single suit, the only defendants named in plaintiff's federal complaint are Jefferson Parish and its sheriff. Setting this incongruity aside, that plaintiff's have been unsuccessful in consolidating multiple tax disputes in the 24th Judicial District Court does not mean that the remedy available in that court is not "plain, speedy, and efficient." 28 U.S.C. § 1341. As noted, plaintiff is not entitled to "the best of all remedies" but a remedy that is "adequate" or "not unduly burdensome." *ANR Pipeline,* 646 F.3d 948. While challenging tax assessments in a handful of parishes in Southeast Louisiana might not be the most efficient method of resolving plaintiff's disputes, it is not so inefficient as to constitute an inadequate remedy under the meaning of Section 1341. *See id.* (finding state-court remedy adequate when plaintiff was required to challenge individual tax assessments in twenty parishes).[16]

---

[16] The cases that plaintiff cites against this conclusion are inapposite, as both involved facts very different from this case and neither discussed discriminatory taxation or the Tax Injunction Act. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101 (2d Cir. 2012) (finding district court abused its discretion by abstaining under *Colorado River* from energy utility's

8

Plaintiff also argues that federal jurisdiction is warranted because of "the equal protection issue" in this case[17]--an apparent reference to plaintiff's allegation that Jefferson Parish singled out plaintiff for discriminatory tax treatment as retribution for plaintiff's success against the Parish in a prior lawsuit. Plaintiff has not alleged any facts suggesting that Louisiana state courts are incapable of protecting plaintiff's constitutional rights. *See Washington II*, 424 F. App'x at 310 ("We decline to presume the Louisiana courts would not adequately protect [a taxpayer's] federal rights."); *cf. Smith*, 968 F.2d at 456 (noting that "the taxpayers have not demonstrated that the state courts have refused to entertain their federal claim in their pending state court actions").

In sum, the relief that plaintiff seeks in this case would disrupt Louisiana's tax administration, and a plain, speedy and efficient remedy is available in state court. Accordingly, the Tax Injunction Act precludes this Court from exercising jurisdiction over this case.

---

constitutional challenges to state's authority to assess it for costs associated with operating and maintaining dams); *Alba v. Montford*, 517 F.3d 1249, 1254 (11th Cir. 2008) (holding that the existence of a state remedy precludes finding an implied right of action for damages against federal officials under *Bivens*).

[17] R. Doc. 11 at 8-9.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss for lack of jurisdiction.

New Orleans, Louisiana, this  7th  day of April, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE